Filed 11/20/23  P. v. Silva CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PATRICK JOHN SILVA,<br><br>Defendant and Appellant. | F084982<br><br>(Super. Ct. No. F16901495)<br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Michael G. Idiart, Judge.

Erin J. Radekin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jesica Y. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Peña, Acting P. J., Meehan, J. and Snauffer, J.

**INTRODUCTION**

In 2016, defendant Patrick John Silva pled guilty to two counts of second degree robbery (Pen. Code, § 211; counts 1 & 7) and admitted section 12022, subdivision (b)(1) enhancement allegations as to those counts. (Undesignated statutory references are to the Penal Code.) He also admitted he suffered a prior strike conviction that also qualified as a serious felony under section 667, subdivision (a)(1). The court sentenced defendant to an aggregate term of 14 years, which included a five-year sentence for the prior serious felony enhancement (§ 667, subd. (a)(1)).

In August 2022, a letter from the Secretary of the California Department of Corrections and Rehabilitation (CDCR) was filed with the superior court, providing the court with jurisdiction to consider striking the section 667, subdivision (a)(1) enhancement and recommending recall and resentencing in accordance with section 1170.03, subdivision (a)(1), now section 1172.1. The court issued a minute order stating it had read and considered the request, and the request was denied. It also sent a letter to CDCR indicating its reasons for the denial and stated a hearing on the matter was "unnecessary."

In this appeal, the parties agree the trial court erred in concluding defendant was not eligible for resentencing without following the procedures required under section 1172.1. We agree the court's order should be reversed and conclude the matter must be remanded for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL HISTORY**

In 2016, a complaint was filed against defendant alleging six counts of second degree robbery (§ 211; counts 1, 2, 3, 6, 7 & 8) and one count of attempted second degree robbery (§§ 664, 211; count 5) with allegations that during the commission and attempted commission of the offenses defendant used a deadly and dangerous weapon, to wit, a knife, within the meaning of section 12022, subdivision (b)(1). It further alleged defendant committed assault with a deadly weapon (§ 245, subd. (a)(1); count 4),

2.

committed assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 9), and exhibited a deadly weapon (§ 417, subd. (a)(1); count 10). Additionally, it was alleged defendant had three prison priors (§ 667.5, former subd. (b)) and was previously convicted of a serious felony (§ 667, subd. (a)(1)) that qualified as a strike offense under section 667, subdivisions (b)–(i) and 1170.12, subdivisions (a)–(d).

Defendant pled guilty to two counts of second degree robbery (§ 211; counts 1 & 7) and admitted the section 12022, subdivision (b)(1) enhancement allegations as to those counts. He also admitted he suffered a prior strike conviction that also qualified as a serious felony under section 667, subdivision (a)(1). Defendant entered his plea with the understanding he would be sentenced to no more than 14 years and his sentence on the section 12022, subdivision (b)(1) enhancement as to count 7 would be stayed.

The court sentenced defendant to a total aggregate term of 14 years: the midterm of three years on count 1 (§ 211), doubled to six years, plus an additional term of five years for the section 667, subdivision (a) enhancement and an additional year for the section 12022, subdivision (b)(1) enhancement, and a consecutive term of one-third the midterm of three years (one year), doubled to two years on count 7. The court imposed a one-year term for the section 12022, subdivision (b)(1) enhancement as to count 7 but stayed it. The remaining counts were dismissed.

In a letter dated May 11, 2022 (filed with the superior court Aug. 31, 2022), the Office of the Secretary of the CDCR provided the superior court with the authority to resentence defendant pursuant to former section 1170.03, subdivision (a)(1), now section 1172.1, based upon a change in the sentencing law. Specifically, the letter stated, effective January 1, 2019, the court gained discretion, which it previously lacked, to strike the section 667, subdivision (a)(1) enhancement or the related punishment pursuant to section 1385. The letter explained defendant's "case factors have been compiled and thoroughly reviewed by the Director of Adult Institutions," and the Secretary of CDCR

3.

recommended defendant's sentence "be recalled and that he be resentenced in accordance with PC Section 1170.03, Subdivision (a)(1)."

A September 6, 2022, minute order states the court read and considered the request from the CDCR and concluded any request for recall and resentencing under former section 1170.03, subdivision (a)(1) (now section 1172.1) was denied. The court also sent the Secretary of the CDCR a letter dated September 6, 2022, in which it stated it denied the request. In the letter, the court stated it believed that "'in the interest of justice' the sentence of Judge Peterson (now retired) should *not* be modified or changed." The court noted it had reviewed the probation report, change of plea form, transcript of the actual sentencing hearing, and transcript of the change of plea in rendering its decision. It detailed the sentence imposed and again stated, "That sentence should not change, recognizing the 5 year prior and the 'strike' are the same prior conviction. This court recognizes it has discretion to dismiss the 5 year prior enhancement, but elects *not* to do so." It noted, "defendant robbed or attempted to rob multiple victims at four different massage parlors on four different dates, threatening multiple victims with a knife and injuring more than one victim." The court concluded: "Fourteen years as a total sentence is fair and this court deems it appropriate. The maximum for what the defendant pled to, not counting the numerous dismissed felonies, was 19 years. [¶] A hearing is unnecessary and will not be granted."

## DISCUSSION

### I.     Recall and Resentencing Proceedings Under Section 1172.1

Section 1172.1 (former § 1170.03) provides a procedure by which a court may "at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody,

4.

and provided the new sentence, if any, is no greater than the initial sentence." (§ 1172.1, subd. (a).) "The CDCR recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is 'an invitation to the court to exercise its equitable jurisdiction.'" (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040.)

Assembly Bill No. 1540 (2021–2022 Reg. Sess.) moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to section 1170.03, effective January 1, 2022. (Stats. 2021, ch. 719, §§ 1–7.) It also clarified many of the required procedures under this section. (See *People v. McMurray*, *supra*, 76 Cal.App.5th at p. 1041 ["[T]he Legislature repeatedly indicated that Assembly Bill 1540 was intended to 'make clarifying changes' to former section 1170(d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing"].) These changes took effect before CDCR's letter was sent in this case, and the trial court considered the recommendation. Assembly Bill No. 200 (2021–2022 Reg. Sess.) renumbered section 1170.03 to section 1172.1, effective June 30, 2022, but made no substantive changes. (Stats. 2022, ch. 58, § 9.)

As a result of these changes, section 1172.1 provides "[w]here, as here, the CDCR recommends recall and resentencing, the court is also now required to hold a hearing (unless the parties otherwise stipulate), state on the record its reasons for its decision, provide notice to the defendant, and appoint counsel for the defendant." (*People v. McMurray*, *supra*, 76 Cal.App.5th at p. 1040; accord, § 1172.1, subds. (a)(6)–(8), (b)(1).) The statute further provides that resentencing may be granted without a hearing upon stipulation by the parties. (§ 1172.1, subd. (a)(7).) Section 1172.1, subdivision (a)(8) expressly states: "Resentencing shall not be denied, nor a stipulation rejected, without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection." Additionally, when recalling and resentencing pursuant to its provisions, the court "shall … apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1172.1, subd. (a)(2); see *People v. McMurray*, *supra*, at p. 1040; *People v.*

*Pierce* (2023) 88 Cal.App.5th 1074, 1078.)  And, where a resentencing request is made, there is now a presumption in favor of recall and resentencing of the defendant, "'which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety,'" as defined in subdivision (c) of section 1170.18.  (*People v. McMurray*, at p. 1040; accord, § 1172.1, subd. (b)(2).)

## II. Analysis

Defendant argues, and the People agree, the trial court did not follow the procedural requirements set forth in section 1172.1, in part, by failing to appoint defendant counsel and failing to hold a hearing at which the parties had an opportunity to be heard.  Defendant also contends the court's failure to appoint him counsel and hold a hearing violated his federal constitutional rights to due process and to the assistance of counsel.  He argues the matter must be remanded for the trial court to comply with section 1172.1's procedures.

We agree with the parties the court erred in failing to provide defendant with notice and set a status conference, to appoint him counsel, and to hold a hearing at which the parties would have had the opportunity to address the basis for the intended denial or rejection.  (See § 1172.1, subds. (a)(6)–(8), (b).)  Accordingly, its order must be reversed and the matter remanded for the court to comply with the procedural requirements of section 1172.1.  (See *People v. Pierce*, *supra*, 88 Cal.App.5th at p. 1079 ["'Under the circumstances, the appropriate remedy is to reverse and remand the matter, so that the trial court can consider the CDCR's recommendation to recall and resentence defendant under the … procedure and guidelines of section 117[2.1]'"]; accord, *People v. McMurray*, *supra*, 76 Cal.App.5th at p. 1041 [same].)  Because we are reversing the court's order and remanding on other grounds, we need not reach defendant's constitutional arguments.

**DISPOSITION**

The court's order declining to recall and resentence defendant is reversed and the matter is remanded with directions to comply with the procedural requirements of section 1172.1.